**FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION; AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF DEFENSE; CENTRAL INTELLIGENCE AGENCY; DEPARTMENT OF STATE; DEPARTMENT OF JUSTICE,<br><br>Defendants. | 09 Civ. 8071 (BSJ) (FM)<br><br>ECF Case |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' MOTION TO PERMANENTLY SEAL PORTIONS OF PLAINTIFFS' OPPOSITION BRIEF**

HINA SHAMSI (HS-6908)
NATHAN FREED WESSLER (NW-1982)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-549-2500
Fax: 212-549-2654

CHRISTOPHER DUNN (CD-3991)
ARTHUR EISENBERG (AE-2012)
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, New York 10004
Phone: 212-607-3300
Fax: 212-607-3318

February 2, 2012

**FILED UNDER SEAL**

## Table of Contents

**Table of Authorities** ........ i

**ARGUMENT** ........ 1

**I. A Heightened Standard of Review Is Required In This Case.** ........ 1

**II. The EST Criteria are Secret Law and Cannot Be Withheld.** ........ 1

**III. The EST Criteria Are Not Properly Classified.** ........ 5

**IV. The Court's Inherent Authority to Order Return of the EST Criteria is Limited.** ........ 5

**V. The Court Should Order Plaintiffs' Summary Judgment Brief Unsealed In Full.** ........ 8

**CONCLUSION** ........ 10

**FILED UNDER SEAL**

## Table of Authorities

### Cases

*Al Maqaleh v. Gates*, 604 F. Supp. 2d 205 (D.D.C. 2009), *rev'd* 605 F.3d 84 (D.C. Cir. 2010), *on remand*, No. 06-CV-1669 (JDB) (D.D.C.) ........ 2

*Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940 (2d Cir. 1983) ........ 5, 6, 7

*Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854 (D.C. Cir. 1980) ........ 3

*Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051 (D.C. Cir. 1981) ........ 4

*Cuneo v. Schlesinger*, 484 F.2d 1086 (D.C. Cir. 1973) ........ 3, 4

*Davis v. United States*, 131 S. Ct. 2419 (2011) ........ 2

*Fuller v. Interview, Inc.*, No. 07 Civ. 5728 (RJS)(DF), 2009 WL 3241542 (S.D.N.Y. Sept. 30, 2009) ........ 7

*Hardy v. Bureau of Alcohol, Tobacco & Firearms*, 631 F.2d 653 (9th Cir. 1980) ........ 3, 4

*In re Orion Pictures Corp.*, 21 F.3d 24 (2d Cir. 1994) ........ 9

*In re Rafferty*, 864 F.2d 151 (D.C. Cir. 1988) ........ 6

*John Doe, Inc. v. Mukasey*, 549 F.3d 861 (2d Cir. 2008) ........ 10

*Jordan v. U.S. Dep't of Justice*, 591 F.2d 753 (D.C. Cir. 1978) ........ 4

*Joy v. North*, 692 F.2d 880 (2d Cir. 1982) ........ 9

*Lee v. Fed. Deposit Ins. Corp.*, 923 F. Supp. 451 (S.D.N.Y. 1996) ........ 3

*Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006) ........ 9

*Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978) ........ 9

*Orion Research, Inc. v. Envtl. Prot. Agency*, 615 F.2d 551 (1st Cir. 1980) ........ 3

*Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865 (D.C. Cir. 2010) ........ 4

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ........ 5, 6

*Sterling Drug, Inc. v. F.T.C.*, 450 F.2d 698 (D.C. Cir. 1971) ........ 3

*Tax Analysts v. I.R.S.*, 117 F.3d 607 (D.C. Cir. 1997) ........ 3

*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ........ 9

**FILED UNDER SEAL**

*United States v. Comco Mgmt. Corp.*, No. SACV 08-0668-JVS (RNBx), 2009 WL 4609595 (C.D. Cal. Dec. 1, 2009) ........ 7

**Statutes**

18 U.S.C. § 3142(g) ........ 2

8 U.S.C. § 1229B(b)(1)(D) ........ 2

Freedom of Information Act, 5 U.S.C. § 552 ........ 6

National Defense Authorization Act for Fiscal Year 2012, Pub. L. No. 112-81, 125 Stat. 1298 (2011) ........ 4, 5

**Other Authorities**

2 Kenneth S. Broun, *McCormick on Evidence* (6th ed. 2010) ........ 4

Fed. R. Civ. P. 26 ........ 6

Gregory L. Waples, *The Freedom of Information Act: A Seven-Year Assessment*, 74 Colum. L. Rev. 895 (1974) ........ 4

Judy M. Johnson, Note, *Freedom of Information Act—Stay of Agency Proceedings Pending Decision on Disclosure of Agency Documents*, 51 Tex. L. Rev. 757 (1973) ........ 4

Kenneth Culp Davis, *The Information Act: A Preliminary Analysis*, 34 U. Chi. L. Rev. 761 (1967) ........ 4

Margaret Gilhooley, *The Availability of Decisions and Precedents in Agency Adjudications: The Impact of the Freedom of Information Act Publication Requirements*, 3 Admin. L.J. 53 (1989) ........ 4

Mem. from John Morton, Asst. Sec'y, U.S. Immigration & Customs Enforcement (June 30, 2010) ........ 2

Meredith Fuchs, *Judging Secrets: The Role Courts Should Play in Preventing Unnecessary Secrecy*, 58 Admin. L. Rev. 131 (2006) ........ 4

## ARGUMENT

### I. A Heightened Standard of Review Is Required In This Case.

Contrary to the government's assertion, Reply Mem. in Supp. of the Dep't of Def.'s Mot. for Partial Summ. J. and Related Relief, ECF No. 90 ("Gov't Reply Br.") 4–5, plaintiffs have never claimed a First Amendment interest in obtaining or declassifying the EST criteria, and that is not the reason plaintiffs believe this Court must apply a heightened First Amendment standard of review. Instead, it is the relief the government requests in the unique circumstances of this case that implicates plaintiffs' First Amendment rights: the government asks this Court to order plaintiffs to return the EST criteria, which plaintiffs lawfully possess. Thus, the propriety of the government's withholding of the EST criteria under Exemption 1 and plaintiffs' First Amendment interests are intertwined, and more stringent scrutiny is required because this Court's decision on the underlying classification could "impact plaintiffs' free speech rights by prohibiting them from disseminating lawfully acquired information." Pls.' Cross-Mot. & Opp'n Br. 9 ("Opp."), ECF. No. 87.

### II. The EST Criteria are Secret Law and Cannot Be Withheld.

Plaintiffs and the government agree that the government has asserted broad authority to detain prisoners at Bagram under both the laws of war and the Authorization for Use of Military Force ("AUMF"). *See* Supplemental Decl. of William K. Lietzau, ECF No. 91 ("Reply Lietzau Decl.") ¶¶ 6–7. They also agree that the government has asserted discretionary authority to release or transfer *both* EST- and non-EST designated detainees, and that DRBs are required to make an EST determination, based on the EST criteria, for individuals deemed detainable pursuant to the AUMF. Finally, the parties agree that an EST designation has consequences for detainees' release or transfer because it is "a tool for assessing *whether*, *when*, where, *and under*

*what conditions* the highest-threat detainees . . . might be safely transferred or released." Reply Lietzau Decl. ¶ 10 (emphasis added).[1] The government cannot therefore succeed in eliding the legal consequences of EST designation: the EST determination guides and constrains the Department of Defense's ("DOD") release or transfer decisions and has real and lasting effect.[2] For these reasons, and the reasons set forth in plaintiffs' cross-motion and opposition brief, the EST criteria used to make the designation constitute prohibited secret law and must be disclosed.[3]

To be sure, the secret law doctrine has not yet been applied in Exemption 1 cases. However, what the government asks the Court to contemplate is far more unusual than plaintiffs' straightforward request that the Court apply an established doctrine in a new context. According to the government, classified information is intended to be "secret" (a truism), and so "cannot

[1] The parties also do not dispute that once a detainee is designated as an EST, a decision to release or transfer that detainee requires approval by the Commander of the U.S. Central Command, which cannot be delegated, unlike the decision to transfer or release non-EST detainees. *See* Reply Lietzau Decl. ¶ 9.

[2] Contrary to the government's claim, Gov't Reply Br. 6, detainees *do* have a legal interest in their designation as ESTs because detainees have a legal right to know the basis upon which they may continue to be held. That legal right, together with the right only to be detained lawfully, is at issue in the cases seeking habeas review of detention at Bagram. *See, e.g.*, *Al Maqaleh v. Gates*, 604 F. Supp. 2d 205 (D.D.C. 2009), *rev'd* 605 F.3d 84 (D.C. Cir. 2010), *on remand*, No. 06-CV-1669 (JDB) (D.D.C.). Although it is currently unsettled whether the remedy of federal court habeas review applies at Bagram, the uncertainty of the remedy does not eliminate the existence of the underlying right. *See, e.g.*, *Davis v. United States*, 131 S. Ct. 2419, 2426 (2011) (explaining that the Fourth Amendment right against unreasonable seizures exists regardless of the availability of the remedy of the exclusionary rule); *id.* at 2437 (Breyer, J., dissenting) (noting that the defendant had been left "with a right but not a remedy").

[3] Public disclosure of only the AUMF detention criteria is not enough in cases where it is the EST criteria, and not the AUMF detention criteria, that determine "whether, when" and "under what conditions" detainees may be released—or not. Just as guidelines governing discretionary relief from deportation of persons already determined to be legally removable under immigration law would constitute secret law if withheld, *see, e.g.*, 8 U.S.C. § 1229B(b)(1)(D) (providing discretionary factors governing cancellation of removal for nonpermanent residents already deemed inadmissible or deportable), the EST criteria governing the disposition of persons deemed detainable pursuant to the AUMF constitute secret law here. *See also* Mem. from John Morton, Asst. Sec'y, U.S. Immigration & Customs Enforcement 1–2 (June 30, 2010) (providing factors relevant to decision to prioritize immigration enforcement against individuals who pose a "danger to national security or a risk to public safety") (produced pursuant to FOIA request and available as Ex. A, Defs.' Mot. for Summ. J., *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, __F. Supp. 2d__, 2012 WL 251914 (D.D.C. 2012), ECF No. 13-1).

An EST determination is similarly analogous to legal factors courts apply in making pretrial release and bond determinations for criminal arrestees—these factors are publicly available and would surely be "secret law" if withheld. *See* 18 U.S.C. § 3142(g) (listing factors concerning the threat posed by arrestees that judicial officers "shall" consider when determining whether release pending trial may be granted, including "the nature and seriousness of the danger to any person or the community that would be posed by the person's release").

offend the democratic order" by constituting "secret law." Gov't Reply Br. 9. The argument fails because it is based on circular logic, without discernible limitations, and has been rejected by courts in analogous situations. Under this argument, the government could simply classify portions of the Code of Federal Regulations or the Uniform Code of Military Justice that deal with national security or military matters and withhold them under Exemption 1. That is simply untenable. Courts have rejected this reasoning in the Exemption 5 context, in which privileged information may be intended to be "confidential," but can still constitute secret law that must be disclosed. *See, e.g.*, *Tax Analysts v. I.R.S.*, 117 F.3d 607, 617 (D.C. Cir. 1997); *Orion Research, Inc. v. Envtl. Prot. Agency*, 615 F.2d 551, 554 (1st Cir. 1980); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980); *Sterling Drug, Inc. v. F.T.C.*, 450 F.2d 698, 708 (D.C. Cir. 1971); *Lee v. Fed. Deposit Ins. Corp.*, 923 F. Supp. 451, 458 (S.D.N.Y. 1996).

The secret law doctrine was not adopted in the Exemption 2, 5, and 7 contexts because of some quirk of those exemptions. Rather, the earliest cases adopting and applying it in various circuits rooted the doctrine in the purpose of FOIA and Congress's intent in passing it. *See, e.g.*, *Hardy v. Bureau of Alcohol, Tobacco & Firearms*, 631 F.2d 653, 657 (9th Cir. 1980) (noting that "'secret law' . . . was the primary target of the act's broad disclosure provisions") (discussing Exemption 2); *Cuneo v. Schlesinger*, 484 F.2d 1086, 1091 n.13 (D.C. Cir. 1973) ("The FOIA by its explicit terms condemns 'secret law' and requires that it be made public . . . .") (discussing disclosure pursuant to subsection (a)(2) and Exemptions 2 and 5); *Sterling Drug, Inc.*, 450 F.2d at 713 (Bazelon, C.J., concurring in part and dissenting in part) ("[Congress] indicated unequivocally that the purpose of the Act was to forbid secret law." (citing Kenneth Culp Davis, *Administrative Law Treatise* 159 § 3A.21 (1970)) (emphasis omitted)) (discussing disclosure

pursuant to Exemption 5).[4] The congressional intent motivating these decisions is not limited to any one exemption, but applies broadly to withholding under the Act, and extending the secret law doctrine to Exemption 1 is fully consistent with FOIA's purpose.

The secret law doctrine is intended to open to the public agency records that bind officials' discretion in pursuing or adjudicating individuals' cases—exactly as the EST criteria do—and set policy regulating public behavior. *See Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 881 (D.C. Cir. 2010) (Williams, J., concurring in part and dissenting in part); *Cuneo*, 484 F.2d at 1090 (secret law "either create[s] or determine[s] the extent of the substantive rights and liabilities of a person affected"); *see also* Opp. 14–17. The government's assertion that the EST criteria guide discretion does not take them out of the category of "secret law"—prosecutorial discretion manuals guide discretion *and* constitute secret law if withheld. *See Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1075 (D.C. Cir. 1981); *Hardy*, 631 F.2d at 657; *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 781–82 (D.C. Cir. 1978) (en banc) (Bazelon, J., concurring). Because the EST criteria are secret law, determinative of the status of detainees, they may not be withheld.[5]

---

[4] Scholarly work on FOIA has also repeatedly recognized the statutory purpose of disclosing secret law. *See* Meredith Fuchs, *Judging Secrets: The Role Courts Should Play in Preventing Unnecessary Secrecy*, 58 Admin. L. Rev. 131, 144 (2006) ("In enacting the law, Congress sought . . . to "eliminat[e] 'secret law'" . . . ." (brackets in original)); Margaret Gilhooley, *The Availability of Decisions and Precedents in Agency Adjudications: The Impact of the Freedom of Information Act Publication Requirements*, 3 Admin. L.J. 53, 91 (1989) ("FOIA is concerned with the detection of any 'secret law'.); Gregory L. Waples, *The Freedom of Information Act: A Seven-Year Assessment*, 74 Colum. L. Rev. 895, 942 (1974) (noting "FOIA's purpose of externalizing agency secret law"); Judy M. Johnson, Note, *Freedom of Information Act—Stay of Agency Proceedings Pending Decision on Disclosure of Agency Documents*, 51 Tex. L. Rev. 757, 758 (1973) ("Moreover, disclosure would further the congressional desire to reduce the amount of 'secret law' affecting parties who deal with federal agencies."); Kenneth Culp Davis, *The Information Act: A Preliminary Analysis*, 34 U. Chi. L. Rev. 761, 779 (1967) ("One fundamental principle [of FOIA's legislative history] is that secret law is an abomination.").

[5] Plaintiffs advise the Court of passage of the National Defense Authorization Act in December 2011. *See* National Defense Authorization Act for Fiscal Year 2012 ("NDAA"), Pub. L. No. 112-81, 125 Stat. 1298 (2011); *see also* 2 Kenneth S. Broun, *McCormick on Evidence* § 335 (6th ed. 2010) (describing courts' authority to take judicial notice of laws). NDAA Section 1021 applies the government's interpretation of its AUMF detention authority to Bagram detainees as a matter of law. *Compare* NDAA § 1021(a)–(b), 125 Stat. at 1562 *with* Robert S. Harward, Vice Admiral, U.S. Navy & Deputy Commander, Detention Operations, Memorandum re: Detainee Review Board Policy Memorandum, Afghanistan ¶ 6, Decl. of Hina Shamsi, ECF No. 89, Ex. E. *Cf.* Reply Lietzau

## III. The EST Criteria Are Not Properly Classified.

For the reasons set forth in plaintiffs' opposition brief, the EST criteria are not properly classified and therefore may not be withheld pursuant to Exemption 1 because they do not relate to "military plans" or "foreign relations." *See* Opp. 12–13, 17–19. Additionally, the government's reply brief does not respond to plaintiffs' separate argument that the EST criteria are not properly classified because the government has failed to show that their public release would cause harm. *See id.* at 19–23. This argument is distinct from the claim that the EST criteria have been officially disclosed, to which the government responds in a classified section of the Reply Lietzau Declaration (and to which plaintiffs cannot therefore additionally respond). *See* Gov't Reply Br. 12. As explained in plaintiffs' opposition brief, detainees' and the public's knowledge of and ability to deduce the EST criteria vitiate the government's claims of harm.

## IV. The Court's Inherent Authority to Order Return of the EST Criteria is Limited.

The government argues that this Court has inherent authority to order return of documents obtained pursuant to any "judicial process." The government takes the references to "judicial process" in the cases it cites out of context, however; the term is consistently used as a synonym for discovery, not as a distinct exception to the usual protections of the First Amendment. *See, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984); *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 945–46 (2d Cir. 1983). But even under the government's interpretation, DOD's production of the EST criteria was not made pursuant to judicial process or "under compulsion of a court order." *See* Gov't Reply Br. 13–14. DOD produced the EST criteria (albeit inadvertently) in the context of its document release obligations

Decl. ¶ 7 (AUMF authority applied as a matter of policy). NDAA Section 1023 specifies—publicly—threat assessment factors that DOD must consider when assessing the need for continued detention of Guantanamo detainees at Guantanamo. NDAA § 1023(b)(4), 125 Stat. at 1564–65.

**FILED UNDER SEAL**

under FOIA, *see* 5 U.S.C. § 552(a)(3)(A), not as part of court-supervised discovery controlled by Rule 26, *see* Fed. R. Civ. P. 26, or any analogous provision. The stipulation cited by the government, *see* ECF No. 44, concerned the parties' negotiated agreement about the timing of DOD's search and production of certain responsive records *in furtherance of its responsibilities under FOIA*. This is quite distinct from the special mechanism of court-ordered pretrial discovery, the function of which is to facilitate the sharing of information *for the purposes of the litigation itself*, not to provide statutorily mandated public access to government records. *Cf. Seattle Times Co.*, 467 U.S. at 32 ("[A] litigant has no First Amendment right of access to information made available *only for purposes of trying his suit*. Thus, continued court control over the discovered information does not raise the same specter of government censorship that such control might suggest in other situations." (internal citation omitted) (emphasis added)). The government advances a strikingly arbitrary rule: had DOD produced the EST criteria in response to plaintiffs' FOIA request in accordance with its statutory obligations *before* the lawsuit was filed, it could not have claimed that any court had authority to order the document's return. That the criteria were produced after plaintiffs sued and pursuant to DOD's agreed-upon processing schedule does not change the fact that DOD produced the document pursuant to FOIA, not to court process.[6] *Cf. In re Rafferty*, 864 F.2d 151, 155 (D.C. Cir. 1988) ("What NYNEX and Telco may not do, however, is use the happenstance of a discovery proceeding to place under a protective order materials not obtained through discovery.").

The government also argues that the existence of administrative subpoenas prove that courts have inherent authority to police exchanges of information outside of discovery. Gov't

[6] This is also not a situation where a document not otherwise subject to court control has been filed with the court, thus providing it with equitable authority to prevent dissemination. *See Bridge C.A.T. Scan Assocs.*, 710 F.2d at 945–46. Plaintiffs received the EST criteria document pursuant to the government's production obligations under FOIA, and the document was neither produced to the court nor filed with it. The mere fact that disclosure occurred in connection with litigation arising from the government's failure to abide by FOIA's timeliness requirements in responding to plaintiffs' request does not fit the government's disclosure into the Second Circuit's narrow exception.

**FILED UNDER SEAL**

Reply Br. 14. But a scheduling stipulation in a FOIA suit and an administrative subpoena are fundamentally different, and the government fails to explain the relevance of this reference.

The cases cited by the government as examples of courts' inherent authority to order return of records lawfully obtained outside of discovery are inapposite, and only serve to underline the extraordinary nature of the relief sought by the government here. In *Fuller v. Interview, Inc.*, No. 07 Civ. 5728 (RJS) (DF), 2009 WL 3241542 (S.D.N.Y. Sept. 30, 2009), the court ordered the destruction of a privileged document produced in an arbitration proceeding parallel to the litigation. The court located its authority to do so in Federal Rule of Civil Procedure 26, not in any inherent authority. *Id.* at *2, *7. By its terms, though, Rule 26 applies only to discovery, and thus the court's order was without basis. *See United States v. Comco Mgmt. Corp.*, No. SACV 08-0668-JVS (RNBx), 2009 WL 4609595, at *2 (C.D. Cal. Dec. 1, 2009) (criticizing *Fuller* on the basis that "Rule 26(b)(5)(B) has no applicability to [a] dispute" concerning documents produced outside the normal discovery process); *Bridge C.A.T. Scan Assocs.*, 710 F.2d at 944–45 ("Rule 26 . . . is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on *discovery* . . . ."). Another court's erroneous reliance on an inapplicable rule of civil procedure cannot provide authority for the relief the government seeks here.[7] Likewise, in *United States v. Comco Management Corp.* the court ruled that it had "inherent authority to grant defendants appropriate relief *to remedy the Government's circumvention of the normal discovery process*." 2009 WL 4609595, at *4 (emphasis added). Thus, although the court's order covered documents produced outside of discovery, it was based on the concern that the government had circumvented the proper discovery process in obtaining the privileged

[7] The plaintiff in *Fuller* did not raise First Amendment concerns (or challenge the applicability of Rule 26), and so the court did not address them.

materials. Here there has been no discovery, nor will there be. The court's inherent power to safeguard the discovery process is simply not implicated. Finally, *Al-Haramain* is distinguishable for the reasons set forth in plaintiffs' opposition brief. Opp. 29.

The government has identified no cases that support its position. Although the government explains the paucity of relevant cases by positing that most parties voluntarily return classified documents that are inadvertently provided to them, *see* Gov't Reply Br. 17 n.4, the government cannot paper over the fact that the Court's inherent authority to issue the requested order in these unusual circumstances is limited. *See* Opp. 30–31.

## V. The Court Should Order Plaintiffs' Summary Judgment Brief Unsealed In Full.

Plaintiffs oppose the government's attempt to maintain significant portions of plaintiffs' opposition and cross-motion brief permanently under seal. The sections of the brief that the government seeks to seal contain plaintiffs' arguments that public release of the EST criteria would not harm national security and that the EST criteria have already been officially disclosed by the government. These arguments consist solely of citation to publicly available materials, and it is undisputed that plaintiffs' brief is consistent with the Court's October 12, 2011 order concerning the permissible contents of the brief. The government asserts, in a conclusory, single paragraph of argument, that unsealing the material "could potentially disclose classified information." Gov't Reply Br. 19. Further explanation is provided in the classified portion of the Reply Lietzau Declaration, which plaintiffs are precluded from reading and to which they cannot therefore respond.[8]

[8] *See* Order 6 n.3, Jan. 24, 2012, ECF No. 102. To the extent the government continues to advance the arguments initially set forth in its November 10, 2011 letter to the Court, plaintiffs respectfully refer the Court to their arguments made in their responsive letter of November 11, 2011. *See* Letter from Hina Shamsi to Hon. Barbara Jones (Nov. 11, 2011), ECF No. 83.

The Supreme Court has repeatedly stated that the public enjoys a First Amendment and common-law right of access to judicial documents. *See, e.g*, *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597–98 (1978). "The presumption of access [to judicial documents] is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The Second Circuit has also made clear that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121. Therefore, "documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*." *Id.* at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Under the First Amendment, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124. Here, permanently sealing the disputed portions of plaintiffs' opposition brief is neither necessary nor narrowly tailored.

Although national security may sometimes constitute an interest to be balanced against the presumption of public access to information, the mere invocation of national security cannot override the significant First Amendment interests at stake, and courts "must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Thus, "[t]he fiat of a governmental official, though senior in rank and doubtless honorable in the execution of official duties, cannot displace the judicial obligation to enforce constitutional requirements."

**FILED UNDER SEAL**

*John Doe, Inc. v. Mukasey*, 549 F.3d 861, 882–83 (2d Cir. 2008). The government does not claim that plaintiffs' brief actually discloses classified information, nor could it, but rather claims that it "could *potentially* disclose classified information." Gov't Reply Br. 19 (emphasis added). However, the disputed portions of the brief cite to publicly available materials and do not cite nor draw direct comparisons to the contents of the EST criteria. The brief therefore hews to the letter and spirit of the Court's October 12, 2011 order, *see* Hr'g Tr. at 33 ("You may make all of your arguments, you simply may not cite to the document and you cannot do any direct comparison."), and the government does not argue otherwise. *See* Letter from Jean-David Barnea to Hon. Barbara S. Jones, at 2 (Nov. 10, 2011) (filed under seal). There can be no "compelling need" to hide from the public citations to material in the public record to which the public is already privy. The government's unfounded invocation of national security concerns cannot trump the strong public right of access to judicial records.

## CONCLUSION

For the reasons stated above and in plaintiffs' opposition and cross-motion brief, ECF No. 87, the Court should deny the government's motion for partial summary judgment, grant plaintiffs' cross-motion for partial summary judgment, and deny the government's motion to maintain permanently under seal the disputed portions of plaintiffs' opposition brief.

Respectfully submitted,

HINA SHAMSI (HS-6908)
NATHAN FREED WESSLER (NW-1982)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-549-2500
Fax: 212-549-2654

CHRISTOPHER DUNN (CD-3991)

**FILED UNDER SEAL**

ARTHUR EISENBERG (AE-2012)
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, New York 10004
Phone: 212-607-3300
Fax: 212-607-3318